The next argument will be in case number 24-2074, United States v. Rivera. Mr. Watson, whenever you're ready. Good morning, Your Honors. We're here today about the case of United States v. Rivera, which is basically a first step back action release case. In which me representing the court sought to have the court consider and review whether or not, based on the 35-53-8 factors, and United States v. Booker, whether or not Mr. Rivera met the standard for compassion release. And based on looking at my, reading my brief and everything, there were two issues that we felt the court erred in, which is one, having a full hearing on the matter, which is, in this case, something the court did based on the paper. And then two, then that full hearing would allow the court to, one, judge Mr. Rivera's sincerity and credibility in terms of his rehabilitation since he's been incarcerated. As well as evaluating the 35-53-8 factors and whether or not the seriousness of the crimes he was convicted of are outweighed by the rehabilitative efforts that he has undergone since he's been incarcerated. Based on cases cited in our brief, it's our contention that a full hearing should have been had in this matter to allow the court to consider his rehabilitation as well as his credibility. Why is that with regard to the need for a hearing? If the court, if the district court indicates, and essentially I think it did, that it accepted his, Mr. Rivera's statements of remorse or his comments about what his goals are for the future or what he's been doing since he's been incarcerated, that wasn't called into question at all by the district court. The district court didn't say, oh, I don't think, you know, I think he's just saying this. He's not really sorry. He's not trying to do things for the future. District court didn't say that. The district court said, essentially, I see the mitigation. I understand what he's been doing since he's been incarcerated. But given the seriousness of the offense, I don't think a reduction would appropriately reflect that. And so if the court is not actually questioning his statements of intent, why was a hearing necessary? Well, I'm saying the hearing was necessary just to further evaluate and deepen from him in his own words, even if the hearing was held telephonically, his sincerity, as well as his commitment to doing something different in the community, versus if it's on paper, then the court just has to take it based upon the words. And then as well as hearing from family members and such. And Mr. Rivera's map. You've reserved a minute for rebuttal. Hear from the government. May it please the court. Assistant United States Attorney Alexis Fireline. In the 1990s, Jorge Rivera was head warlord and then president of the Los Salidos. In that capacity, he oversaw drug dealing, robberies, kidnappings, arsons, and other acts of violence, including multiple murders. Most notably, as Judge Thompson noted below, he ordered the green light on Latin kings that resulted in the murders of not only multiple Latin king members, but also innocent bystanders, like seven-year-old Marcelina Delgado and 16-year-old George Hall. And the issue before the court is whether Judge Thompson abused his discretion when he concluded that the seriousness of this particular offense conduct weighed against the granting of compassionate release. And Judge Thompson did not abuse his discretion. This court has been repeatedly called upon to examine cases in which defendants have been convicted of not only crack cocaine offenses, but also murder offenses. In multiple other cases, such as United States v. Rodriguez, United States v. Thomas, United States v. Reyes, all of which are cited in our brief, multiple district courts have reached the conclusion that the seriousness of murder offense conduct in particular can often counsel against the granting of a compassionate release motion based on the Section 3553A factors. And this court has repeatedly held that it is well within the range of reasonable decision-making for a district court to reach that conclusion. The same is true here. With respect to the issue of the right or the contention that there should have been a hearing in this case, significantly, there's no dispute that there is no right to a hearing on a motion for compassionate release, especially, as Your Honor noted, when there are no factual issues in dispute. Mr. Rivera did not contest that he was guilty of these murders, including the murders of little Marcelina Delgado or George Hall. And it's for that reason that Judge Thompson was not obligated under this court's own precedent to hold a hearing on the compassionate release motion. And unless Your Honors have any further questions for me, I'll rest on my brief. Thank you, Your Honors. I'll hear rebuttal. Your Honor, one of the things I decided to discuss in my brief is that if there is an issue in dispute, then a hearing will be warranted. As government has just cited, that some courts have determined that murder does not necessarily necessitate releasing an individual such as Mr. Rivera. Whereas, in my brief, I do cite that in certain cases in which courts have found, particularly in two cases in Connecticut, in which a person that has been convicted of murder does meet the criteria for release. And because of that dispute, this is a case where we should have had a hearing. And I believe that the district court judge abused discretion by not having a hearing on this matter. Other than that, I would rest on my brief. Okay. Thank you, counsel. Thank you both. We'll take the matter under advisement. And that concludes our arguments for today. So I will ask the court and deputy to adjourn.